IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAMIRO OMAR RAMOS, JAMES MICHAEL LOHMAN, JOHN ARANDA, ORLANDO GARCIA<br><br>v.<br><br>ROCKS DISCOUNT VITAMINS, INC. d/b/a ROCKS DISCOUNT VITAMINS 'N' MORE #1, JOE "ROCK" BALBOA, OMAR GONZALEZ, MARIA E. BALBOA, ELIZABETH "BETH" GARCIA and NICK VEGA | § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>(JURY DEMANDED) |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Ramiro Omar Ramos, James Michael Lohman, John Aranda, and Orlando Garcia ("Plaintiffs"), bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and show as follows:

### A. NATURE OF SUIT.

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiffs in accordance with the Fair Labor Standards Act. Specifically, Plaintiffs were not compensated for overtime worked. As such, Defendants failed to pay Plaintiffs at one and one-half times their regular rate of pay for hours worked in a work week in excess of 40 hours.

## B. PARTIES.

3. Plaintiff Ramiro Omar Ramos is an individual who was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is attached hereto as Exhibit "A".

4. Plaintiff James Michael Lohman is an individual who was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is attached hereto as Exhibit "B".

5. Plaintiff John Aranda is an individual who was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is attached hereto as Exhibit "C".

6. Plaintiff Orlando Garcia is an individual who was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is attached hereto as Exhibit "D".

7. Defendant Joe Balboa, is the owner of ROCK SUPPLEMENT (hereinafter "Defendant Balboa" or "Defendant Owner") is a an individual who may be served with process at the following address:

5634 Weber Road
Corpus Christi, Texas 78411

8. Defendant Rocks Discount Vitamins, Inc. d/b/a Rocks Discount Vitamins 'N' More #1 (hereinafter "ROCKS" or "Defendant Employer") is a an entity that may be served with process at the following address:

>Maria E. Balboa
>5634 Weber Road
>Corpus Christi, Texas 78411

9. Defendant Omar Gonzalez is an individual who conducts business in Nueces County, Texas, as a member/manager of ROCK SUPPLEMENT, and may be served with process at the following address:

>5634 Weber Road
>Corpus Christi, Texas 78411

10. Defendant Maria E. Balboa is an individual who conducts business in Nueces County, Texas, as an owner/member/manager of ROCK SUPPLEMENT, and may be served with process at the following address:

>5634 Weber Road
>Corpus Christi, Texas 78411

11. Defendant Elizabeth "Beth" Gonzalez is an individual who conducts business in Nueces County, Texas, as an owner/member/manager of ROCK SUPPLEMENT, and may be served with process at the following address:

>5634 Weber Road
>Corpus Christi, Texas 78411

12. Defendant Nick Vega, a Co-Director of Operaions, is an individual who conducts business in Nueces County, Texas, as an owner/member/manager of ROCK SUPPLEMENT, and may be served with process at the following address:

>5634 Weber Road
>Corpus Christi, Texas 78411

## C. JURISDICTION AND VENUE.

13. This Court has original subject matter jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (2) because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and division.

### D. COVERAGE.

15. Defendants operate jointly in the sale of vitamins and supplements.

16. Defendants Joe "Rock" Balboa, Omar Gonzalez, Maria E. Balboa, Elizabeth "Beth" Garcia, and Nick Vega are members/managers of Rock's Discount Vitamins - N - More. At all material times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

17. Defendants' gross annual receipts of business done have well exceeded $500,000.00 for each of the three (3) years preceding the filing of this lawsuit and beyond.

18. In performing their duties, Plaintiffs used and handled goods and materials that had previously been moved in or produced for commerce.

19. In addition to Plaintiffs, Defendants employed other individuals whose job duties caused them to be engaged in commerce and/or the production of goods for commerce and/or who handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

20. Defendants at all material times were an "enterprise engaged in commerce" as defined by the FLSA.

21. At all times material Defendants possessed the power to set and enforce, or delegated to others the power to set and enforce, employment practices and policies, including hiring, and firing employees, supervising and controlling employee work schedules or conditions of employment, determining rates and methods of the payment

of wages, maintaining employment records, as well as other employment practices and policies that directly and indirectly affected Defendants' employees, including Plaintiffs.

22. At all times hereinafter mentioned, Defendants Joe "Rock" Balboa, Omar Gonzalez, Maria E. Balboa, Elizabeth "Beth" Garcia, and Nick Vega were Plaintiffs' "employer" or "joint employer" within the meaning of the FLSA.

### E. FACTUAL ALLEGATIONS.

23. Ramiro Omar Ramos worked as a sales representative for Defendants. He was terminated by Defendants on or about April 28, 2017. At the time of his employment, he was paid $12.00 an hour. Ramos was paid 80 hours at $12.00 an hour and 20 hours at time and a half (i.e. $18.00).

24. James Michael Lohman worked as a sales representative for Defendants. Lohman was paid 80 hours at $12.00 an hour and 20 hours at time and a half (i.e. $18.00). Mr. Lohman was employed by Defendants until the end of July 2017.

25. John Aranda worked as a sales representative for Defendants. Aranda was paid 80 hours at $12.00 an hour and 20 hours at time and a half (i.e. $18.00). Mr. Aranda separated from Defendants on or about June 25, 2017.

26. Orlando Garcia worked as a sales representative for Defendants. Garcia was paid 80 hours at $12.00 an hour and 20 hours at time and a half (i.e. $18.00). Mr. Garcia separated from Defendants on or about January 1, 2017.

27. During the relevant time period, Plaintiffs were non-exempt employees. Plaintiffs' claims arise from unrecorded and uncompensated hours of work. While they were paid some overtime, Defendants did not accurately calculate and compensate all compensable hours of work.

28.   At all times material, Defendants would create payroll check summaries but would not provide Plaintiffs with actual earnings information.

29.   Plaintiffs worked six (6) days a week (Monday to Saturday) from 10:00 a.m. to 8:00 p.m. To learn of a their job assignments the following work day, Plaintiffs' job responsibilities required accessing their mobile phones (while at home) in order monitor employer job directives posted on a social media website, mainly Facebook. The social media-posted job directives would advise Plaintiffs of (1) the type/amount of inventory to gather at the main branch i.e. Saratoga Street the following morning; and (2) the locale where the inventory was to be delivered the following morning. At the end of the workday, Plaintiffs were required to travel to the Saratoga store again to drop-off money from the sale of goods at Defendants' locales. Consequently, Defendants only paid Plaintiffs for scheduled shifts at their store. Defendant did not account nor did they pay Plaintiffs for loading inventory and travel time before and after scheduled work hours.

30.   Furthermore, on or about March 2017, Plaintiff Ramiro Omar Ramos made an internal complaint to Defendants Omar Gonzalez and Nick Vega about unpaid hours of work.

31.   Mr. Ramos, in March 2017, also requested copies of his payroll checks.

32.   Defendant Gonzalez responded to Plaintiff Ramos via text that everyone gets paid "100 hours" across the board.

33.   Just two pay periods after giving Plaintiff Ramos a modest hourly pay increase, Plaintiff Ramos was terminated on April 28, 2017. Said termination was in retaliation for Ramos' internal complaint concerning the unpaid hours worked by himself and other supplement sales representatives.

34. At all times during his employment, Plaintiffs were not rightfully paid one and one-half times their regular rate of pay for all hours of work.

35. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs even after Plaintiffs made Defendant aware of their concerns.

36. The FLSA requires employers to keep accurate time records of hours worked by nonexempt employees. *See* 29 U.S.C. § 211 (c).

37. The FLSA makes discharging an employee a prohibited act after the employee has made a complaint. See 29 U.S.C. § 215 (a) (3).

38. Plaintiffs have retained Ruiz Law Firm, P.L.L.C. to represent them in this litigation and have agreed to pay a reasonable attorney's fees for its services.

### F. CAUSE OF ACTION AS TO ALL PLAINTIFFS
### Failure to Pay Wages in Accordance with the Fair Labor Standards Act.

39. Each and every allegation contained in the foregoing paragraphs 15-38, inclusive, is re-alleged as if fully rewritten herein.

40. During the relevant time period, Defendants violated the Fair Labor Standards Act for workweeks longer than 40 hours without compensating Plaintiffs for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

41. Defendants owe Plaintiffs overtime pay arising from travel time and monitoring social media work directives during off hours at home.

42. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs. By failing to pay Plaintiffs their overtime compensation at one and one-half times their regular rates, Defendant continuously violated the FLSA's overtime provisions.

43. Defendants did not act in good faith and/or have reasonable grounds for a belief that its actions did not violate the FLSA nor did it act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; and (d) the Code of Federal Regulations.

44. Because Defendants pay practices knowingly, willfully and/or recklessly violated the FLSA, Defendant owes past wages.

45. Plaintiffs do not seek to certify a class action nor do they attempt to form or be a part of a collective action.

### G. CAUSE OF ACTION AS TO DEFENDANTS RAISED BY PLAINTIFF RAMIRO OMAR RAMOS ONLY
"Discharged"

46. Each and every allegation contained in paragraphs 33-38, inclusive, is re-alleged as if fully rewritten herein.

47. The Fair Labor Standards Act prohibits "any person" from retaliating against "any employee" who is "discharged or in any other manner discriminated against" because of a complaint pertaining to wages and hours of work.

48. Defendants' termination of Plaintiff Ramos was in retaliation for raising a complaint pertaining to wages and hours of work in violation of 29 U.S.C. 215 (a) (3).

### G. JURY DEMAND.

49. Plaintiffs demand a trial by jury herein.

### H. RELIEF SOUGHT.

50. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that they recover from Defendant, the following:

    a. compensation for all hours worked at a rate not less than the applicable minimum wage;

b. overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one and one-half times their regular rates;

c. all unpaid wages and overtime compensation;

d. an award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay wages and overtime compensation;

e. reasonable attorney's fees, expert fees, costs and expenses of this action as provided by the FLSA;

f. Plaintiff Ramos seeks lost wages, equal amount of liquidated damages, reasonable attorney's fees, expert fees, costs and expenses as a result of his retaliatory discharge; and

g. such other relief as to which Plaintiffs may be entitled.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 W. Pecan
McAllen, Texas 78501
Telephone:  (956) 259-8200
Telecopier:  (956) 259-8203

_____
Mauro F. Ruiz
State Bar No. 24007960
**e-File ONLY:** admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFFS**