United States Courts
Southern District of Texas
FILED
*October 16, 2018*
..........
David J. Bradley, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS CORPUS CHRISIT DIVISION

| | | |
|---|---|---|
| **RAMIRO OMAR RAMOS, JAMES MICHAEL LOHMAN, JOHN ARANDA, and ORLANDO GARCIA,** § § § § | | |
| *Plaintiffs,* § | **Civil Action No. 2:18-cv-00061** | |
| **v.** § § | | |
| **ROCKS DISCOUNT VITAMINS, INC. D/B/A ROCKS DISCOUNT VITAMINS 'N' MORE #1, JOE "ROCK" BALBOA, OMAR GONZALEZ, MARIA E. BALBOA, ELIZABETH GARCIA and NICK VEGA,** § § § § § § § | **JURY TRIAL DEMANDED** | |
| *Defendants.* § | | |

## DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE SENIOR JUDGE HILDA G. TAGLE:**

Defendants, Rocks Discount Vitamins, Inc. d/b/a Rocks Discount Vitamins 'N' More #1 ("Rocks"), Joe "Rock" Balboa ("J. Balboa"), Omar Gonzalez ("Gonzalez"), Maria E. Balboa ("M. Balboa"), Elizabeth Garcia ("Garcia"), and Nick Vega ("Vega") (collectively "Defendants") file their First Amended Answer to the Original Complaint of Ramiro Omar Ramos, James Michael Lohman, John Aranda, and Orlando Garcia ("Plaintiffs"), and respond as follows:

1. The averments of Paragraph 1 relate to a description of the Fair Labor Standards Act (FLSA), and do not require a response from Defendants. However, to the extent that a response is required, Defendants deny any liability under the FLSA.

2. Defendants deny the averments of Paragraph 2 of Plaintiffs' Original Complaint.

3. Defendants admit Plaintiff Ramos was employed as alleged in Paragraph 3 of Plaintiffs' Original Complaint, and admit his consent is attached as alleged.

4. Defendants admit Plaintiff Lohman was employed as alleged in Paragraph 4 of Plaintiffs' Original Complaint, and admit his consent is attached as alleged.

5. Defendants admit Plaintiff Aranda was employed as alleged in Paragraph 5 of Plaintiffs' Original Complaint, and admit his consent is attached as alleged.

6. Defendants admit Plaintiff Garcia was employed as alleged in Paragraph 6 of Plaintiffs' Original Complaint, and admit his consent is attached as alleged.

7. Defendants admit the averments of Paragraph 7 of Plaintiffs' Original Complaint.

8. Defendants admit the averments of Paragraph 8 of Plaintiffs' Original Complaint.

9. Defendants admit the averments of Paragraph 9 of Plaintiffs' Original Complaint.

10. Defendants admit the averments of Paragraph 10 of Plaintiffs' Original Complaint.

11. Defendants admit the averments of Paragraph 11 of Plaintiffs' Original Complaint.

12. Defendants admit the averments of Paragraph 12 of Plaintiffs' Original Complaint.

13. Defendants admit that the Court has subject matter jurisdiction as alleged, and admit that Plaintiffs' Original Complaint is brought under the FLSA, but Defendants deny they have violated the FLSA.

14. Defendants admit that venue is proper as alleged in Paragraph 14 of Plaintiffs' Original Complaint, but deny they have violated the FLSA.

15. Defendants deny the averments of Paragraph 15 of Plaintiffs' Original Complaint.

16. Defendants deny the averments of Paragraph 16 of Plaintiffs' Original Complaint.

17. Defendants lack knowledge or information sufficient to form a belief regarding Paragraph 17 of Plaintiffs' Original Complaint.

18. Defendants admit the averments of Paragraph 18 of Plaintiffs' Original Complaint.

19. Defendants admit the averments of Paragraph 19 of Plaintiffs' Original Complaint.

20. Defendants lack knowledge or information sufficient to form a belief regarding Paragraph 20 of Plaintiffs' Original Complaint.

21. Defendants deny the averments of Paragraph 21 of Plaintiffs' Original Complaint.

22. Defendants deny the averments of Paragraph 22 of Plaintiffs' Original Complaint.

23. Defendants admit Plaintiff Ramos worked as a sales representative, but deny the remainder of Paragraph 23 of Plaintiffs' Original Complaint.

24. Defendants admit Plaintiff Lohman worked as a sales representative, but deny the remainder of Paragraph 24 of Plaintiffs' Original Complaint.

25. Defendants admit Plaintiff Aranda worked as a sales representative, but deny the remainder of Paragraph 25 of Plaintiffs' Original Complaint.

26. Defendants admit Plaintiff Garcia worked as a sales representative, as alleged, the remainder of Paragraph 26 of Plaintiffs' Original Complaint.

27. Defendants lack knowledge or information sufficient to form a belief about the relevant time period Plaintiffs refer to in Paragraph 27 of Plaintiffs' Original Complaint, and accordingly deny Plaintiffs' averments relating to their non-exempt status. Defendants admit that Plaintiffs' claims relate to unrecorded and uncompensated hours of work, but deny that Plaintiffs' hours of work were unrecorded or uncompensated. Defendants admit Plaintiff were paid overtime as alleged. Defendants deny the remainder of Paragraph 27 of Plaintiffs' Original Complaint.

28. Defendants deny the averments of Paragraph 28 of Plaintiffs' Original Complaint.

29. Defendants deny the averments of Paragraph 29 of Plaintiffs' Original Complaint.

30. Defendants deny the averments of Paragraph 30 of Plaintiffs' Original Complaint.

31. Defendants deny the averments of Paragraph 31 of Plaintiffs' Original Complaint.

32. Defendants deny the averments of Paragraph 32 of Plaintiffs' Original Complaint.

33. Defendants admit giving Plaintiff Ramos a pay increase as alleged, but deny the remaining averments of Paragraph 33 of Plaintiffs' Original Complaint.

34. Defendants deny the averments of Paragraph 34 of Plaintiffs' Original Complaint.

35. Defendants deny the averments of Paragraph 35 of Plaintiffs' Original Complaint.

36. The averments of Paragraph 36 of Plaintiffs' Original Complaint relate to a description of the FLSA, and do not require a response from Defendants. However, to the extent that a response is required, Defendants deny any liability under the FLSA.

37. The averments of Paragraph 37 of Plaintiffs' Original Complaint relate to a description of the FLSA, and do not require a response from Defendants. However, to the extent that a response is required, Defendants deny any liability under the FLSA.

38. Defendants admit Plaintiffs have retained Ruiz Law Firm, P.L.L.C. as alleged in Paragraph 38 of Plaintiffs' Original Complaint. Defendants lack knowledge or information sufficient to form a belief about the remainder of Paragraph 38.

39. Defendants admit Plaintiffs have made the allegations referenced in Paragraph 39 of Plaintiffs' Original Complaint. Defendants stand on their earlier responses to those allegations.

40. Defendants deny the averments of Paragraph 40 of Plaintiffs' Original Complaint.

41. Defendants deny the averments of Paragraph 41 of Plaintiffs' Original Complaint.

42. Defendants deny the averments of Paragraph 42 of Plaintiffs' Original Complaint.

43. Defendants deny the averments of Paragraph 43 of Plaintiffs' Original Complaint.

44. Defendants deny the averments of Paragraph 44 of Plaintiffs' Original Complaint.

45. The averments of Paragraph 45 of Plaintiffs' Original Complaint relate to Plaintiffs' individual status, and do not require a response from Defendants.

46. Defendants admit Plaintiffs have made the allegations referenced in Paragraph 46 of Plaintiffs' Original Complaint. Defendants stand on their earlier responses to those allegations.

47. The averments of Paragraph 47 of Plaintiffs' Original Complaint relate to a description of the FLSA, and do not require a response from Defendants. However, to the extent that a response is required, Defendants deny any liability under the FLSA.

48. Defendants deny the averments of Paragraph 48 of Plaintiff's Original Complaint.

49. The averments of Paragraph 49 of Plaintiffs' Original Complaint relate to Plaintiffs' jury demand, and do not require a response from Defendants. However, to the extent that a response is required, Defendants deny any liability under the FLSA.

50. Defendants admit Plaintiffs seek the relief listed in Paragraph 50 of Plaintiffs' Original Complaint, but deny that Defendants are entitled to the relief sought.

## AFFIRMATIVE DEFENSES

Continuing with their Amended Answer, Defendants next assert the following affirmative or other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to Defendants and that are Plaintiffs' burden to prove. Defendants reserve the right to amend or supplement this list of defenses as permitted under the Federal Rules of Civil Procedure:

51. Plaintiffs' Original Complaint fails in whole or in part to state a claim or cause of action for which relief may be granted.

52. Plaintiffs are not entitled to the damages sought because at all times Defendants acted in good faith in the belief that they were not in violation of any of the provisions of the FLSA.

53. Any cause of action or claim for damages stated in Plaintiffs' Complaint arising more than two (2) years before the filing of the lawsuit is barred by the statute of limitations set forth in 29 U.S.C. § 255(a).

54. One or more Plaintiffs were exempt from the overtime provisions of the FLSA pursuant to the FLSA's statutory exemptions set forth in 29 U.S.C. § 213, including the administrative and inside sales exemptions.

55. Defendants' actions and/or alleged actions do not constitute a willful violation (or any violation) of applicable law.

56. Defendants did not knowingly or intentionally engage in any conduct in violation of the FLSA or any other applicable law, nor did they exhibit reckless disregard for the requirements of the FLSA or any other applicable law.

57. Defendants acted at all times in good faith and in conformity with and in reliance on the written administrative regulation, order, ruling, approval, and/or interpretations of the Wage and Hour Division of the U.S. Department of Labor.

58. Plaintiffs cannot recover for non-compensable or *de minimis* matters and Plaintiffs' claims would be subject to offset and deductions, including any and all payment for wages and payments in kind, received by Plaintiffs during the time period for which damages are sought, including any time for which Plaintiffs were paid but did not work.

59. Plaintiffs' claims fail because at all times Plaintiffs have been paid all compensation due and owing in accordance with applicable law.

60. Any claims for overtime compensation and/or liquidated damages are barred or subject to offset by all wages already paid or other compensation provided.

61. Assuming Plaintiffs performed any off-the-clock work, which Defendants specifically deny, Defendants were not aware nor should they have known that Plaintiffs performed such overtime work.

62. Assuming Plaintiffs and performed any off-the-clock work, which Defendants specifically deny, Plaintiffs failed to avail themselves to preventative or remedial opportunities provided by Defendants or to otherwise avoid harm.

63. To the extent Plaintiffs are entitled to any additional alleged overtime pay, which Defendants deny, Plaintiffs would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

64. Any preliminary and/or postliminary time for which Plaintiffs seek compensation is non-compensable and barred by 29 U.S.C. § 254.

65. Plaintiffs are not entitled to compensation for time spent on activities that were not compensable work under the FLSA and that were not an integral and indispensable part of the Plaintiffs' principal job duties.

66. Plaintiffs cannot satisfy their burden of proof with respect to any alleged damages.

67. With respect to Plaintiff Ramos, if any improper, illegal, discriminatory, or retaliatory acts were taken by any of Defendants' employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant Rocks Discount Vitamins, Inc. D/B/A Rocks Discount Vitamins 'N' More #1's policies, and were not ratified, confirmed, or approved by Defendants. Thus, any such actions cannot be attributed or imputed to Defendants.

68. With respect to Plaintiff Ramos, Plaintiff cannot establish a prima facie case of retaliation, nor can he establish pretext.

69. With respect to Plaintiff Ramos, Plaintiff cannot establish that any adverse employment actions taken against him would not have occurred but for alleged protected activity.

70. With respect to Plaintiff Ramos, any adverse employment actions taken against Plaintiff would have been taken regardless of alleged protected activity.

71. With respect to Plaintiff Ramos, Plaintiff's alleged protected activity, if any, was not a factor in the employment actions, if any, taken with respect to Plaintiff by Defendants.

72. With respect to Plaintiff Ramos, if Plaintiff is able to show any retaliation occurred, which Defendants deny, Defendants reserve the right to assert a mixed-motive defense, if applicable.

73. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or may appear during discovery in this case and hereby reserve the right to amend this Answer to assert any such defense.

Date:   October 15, 2018                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Austin Anderson*
       **Clif Alexander**
       Federal I.D. No. 1138436
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **Austin W. Anderson**
       Federal I.D. No. 777114
       Texas Bar No. 24045189
       austin@a2xlaw.com
       **Lauren E. Braddy**
       Federal I.D. No. 1122168
       Texas Bar No. 24071993
       lauren@a2xlaw.com
       **Alan Clifton Gordon**
       Federal I.D. No. 19259
       Texas Bar No. 00793838
       cgordon@a2xlaw.com
       **Carter T. Hastings**
       Federal I.D. No. 3101064
       Texas Bar No. 24101879
       carter@a2xlaw.com
       **George Schimmel**
       Federal I.D. No. 2338068
       Texas Bar No. 24033039
       geordie@a2xlaw.com
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

       ***Attorneys in Charge for Defendants***

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 15, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                  /s/ *Austin Anderson*
                                                  Austin Anderson